UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| SAMEISHA EDWARDS, | ) | No.  CV 08-07428 GAF(SSx) |
| Plaintiff, | ) | **MEMORANDUM AND ORDER RE PARTIES'** |
| | ) | **STIPULATION FOR PROTECTIVE ORDER,** |
| v. | ) | **STIPULATION FOR IN CAMERA REVIEW** |
| | ) | **AND PROPOSED ORDERS** |
| COUNTY OF LOS ANGELES, et al. | ) | |
| | ) | |
| Defendants. | ) | |

The Court has received and considered the parties' Stipulation and [Proposed] Protective Order ("Protective Order Stipulation") and the Stipulation Re In Camera Review of Personnel Records of Defendant Officers Archuletta and Pilace ("In Camera Stipulation") as well as the proposed orders submitted with each stipulation.  The Court is unable to adopt the proposed orders as stipulated to by the parties for the following reasons:

//
//
//
//
//

**A.   Protective Order Stipulation And Proposed Order**

A protective order must be narrowly tailored and cannot be overbroad. Therefore, the documents, information, items or materials that are subject to the protective order shall be described in a meaningful fashion (for example, "personnel records," "medical records," or "financial information," <u>etc.</u>). It is not sufficient to use only the conclusory description "materials that contain information that is sensitive in nature." (<u>See</u> Stipulation ¶ 1).

Furthermore, the Court cannot agree that "any pleadings, motions, briefs, etc., or other submissions to the Court in this litigation which contain, reflect, incorporate or refer to Confidential Information shall be filed and maintained under seal." (Stipulation at ¶ 8). This language would be contrary to this Court's Local Rule 79-5.1. The parties are directed to review this Local Rule. If confidential material is included in any papers to be filed in Court, such papers shall be accompanied by an application to file the papers -- or the confidential portion thereof -- under seal. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal. Moreover, any disputes over the designation of confidential information may only be resolved by the procedures described in Local Rule 37. The parties are also directed to review this Local Rule.

Finally, the Protective Order Stipulation and proposed order do not establish the requisite good cause. <u>Pintos v. Pac. Creditors Ass'n</u>, 565

F.3d 1106, 1115 (9th Cir. 2009) ("The relevant standard [for the entry of a protective order] is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." (internal quotation marks and alteration omitted)); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) (court's protective order analysis requires examination of good cause (citing Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11, 1212 (9th Cir. 2002)); San Jose Mercury News, Inc. v. United States Dist. Ct., 187 F.3d 1096, 1102 (9th Cir. 1999).

The court may only enter a protective order upon a showing of good cause. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006) (stipulating to protective order insufficient to make particularized showing of good cause, as required by Rule 26(c)); Phillips, 307 F.3d at 1210-11 (Rule 26(c) requires a showing of good cause for a protective order); Makar-Wellbon v. Sony Electrics, Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing).

In any revised stipulated protective order submitted to this Court, the parties must include a statement demonstrating good cause for entry of a protective order pertaining to the documents or information described in the order. The documents to be protected shall be <u>specifically</u> described and identified. The paragraph containing the statement of good cause should be preceded by the phrase: "GOOD CAUSE STATEMENT." The parties shall articulate, for each document or category of documents they seek to protect, the specific prejudice or harm that

1 will result if no protective order is entered.  <u>Foltz</u>, 331 F.3d at 1130
2 (citations omitted).

4     In any revised stipulation regarding discovery or the protection of
5 documents, the parties shall include the following in the caption:
6 "[Discovery Document: Referred to Magistrate Judge Suzanne H. Segal]."

8     **B.   In Camera Stipulation And Proposed Order**

10     The parties submitted a stipulation and proposed order seeking in
11 camera review of the Defendants' personnel records.  However, the Court
12 cannot proceed with in camera review at this time nor can the Court
13 adopt the proposed order, for the reasons stated below.

15     The parties filed a stipulation reflecting that Plaintiff
16 propounded discovery requests seeking personnel records of Defendants
17 (In Camera Stipulation at ¶2).  Defendants objected based upon privacy
18 grounds and on the grounds that the requests were overbroad (<u>Id.</u> at ¶
19 3).  The parties then determined that they would submit both of the
20 officers' personnel files to the Court and seek in camera review of the
21 records.  According to the parties, the Court would then decide which,
22 if any, documents should be produced to Plaintiff.

24     The Court cannot follow the procedure agreed to by the parties as
25 it is inconsistent with the law governing the assertion of privilege in
26 federal litigation.  Formally claiming a privilege involves specifying
27 which information and documents are privileged and for what reasons,
28 especially when the nature of the information or documents does not

reveal an obviously privileged matter.  <u>Clarke v. American Commerce Nat'l Bank</u>, 974 F.2d 127, 129 (9th Cir. 1992).  Federal law governs whether personnel records of police officers and other public officials should be disclosed during civil rights litigation.  In camera review is not necessarily required.  <u>See</u> <u>Miller v. Pancucci</u>, 141 F.R.D. 292, 298-301 (C.D. Cal. 1992) (holding that federal law controlled on issue of discovery privileges asserted in federal civil rights case, and police defendants were mistaken in believing that the court should undertake an automatic in camera inspection).

To the extent Defendants are actually relying on the "official information privilege" to withhold the requested documents, Defendants have not followed the necessary steps to assert this privilege.  The official information privilege is a privilege recognized by federal common law and protects the disclosure of certain types of official information.  In <u>Sanchez v. City of Santa Ana</u>, 936 F. 2d 1027, 1033-34 (9th Cir. 1990), the Ninth Circuit recognized this privilege as a "qualified" one that protects official information such as personnel records.  The <u>Sanchez</u> court found that the requested information could be made be available to the plaintiff through interrogatories and upheld the trial court's ruling that the actual records could be withheld.  <u>See also</u> <u>Kerr v. U.S. Dist. Court</u>, 511 F.2d 192, 198 (9th Cir. 1975) (holding that qualified privilege applied to prisoner request for discovery of parole board materials, including personnel files, in § 1983 action).

     District courts, in applying the privilege, have recognized that the court must balance the government's interest in protecting official information from disclosure against the plaintiff's need for the information. In civil rights cases, the balancing is "moderately pre-weighted in favor of disclosure." Kelly v. City of San Jose, 114 F.R.D. 653, 661 (N.D. Cal. 1987); accord Miller, 141 F.R.D. at 300.

     These cases also recognize that, before the court even engages in the balancing test or in camera review, the party asserting the privilege (here, Defendants) must invoke the privilege by making a "substantial threshold showing." Kelly, 114 F.R.D. at 669. To make the threshold showing, defendants must submit a declaration from the head of the department having control over the records and must satisfy certain requirements. Chism v. County of San Bernardino, 159 F.R.D. 531, 533 (C.D. Cal. 1994); see also Kerr, 511 F.2d at 198.

     The declaration must include the following:

     (1) an affirmation that the agency generated or collected the material at issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made. Chism, 159 F.R.D. at 533; Hampton v. City of San

Diego, 147 F.R.D. 227, 230-31 (S.D. Cal. 1993); Miller, 141 F.R.D. at 300.  Only after the court determines that the defendant's submissions meet the threshold burden will an in-camera review occur.  Id. at 301.[1]

To the extent Defendants are asserting their "right to privacy," Defendants have not properly asserted that right merely by stating that there may be private information Defendants' personnel files.  Although the right to privacy is not a federally recognized privilege, many federal courts have considered it in discovery disputes.  See DeMasi v. Weiss, 669 F.2d 114, 120 (3rd Cir. 1982); Cockrum v. Johnson, 917 F. Supp. 479, 481 (E.D. Tex. 1996); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995).  However, the right to privacy is not absolute.  In determining whether privacy is subject to invasion, the court must balance Defendants' asserted right to privacy against the relevance and necessity of the information sought by Plaintiff.  See Johnson v. Thompson, 971 F.2d 1487, 1497 (10th Cir. 1992) (citing Lukaszewicz v. Ortho Pharmaceutical Corp., 90 F.R.D. 708, 709 (E.D. Wis. 1981)), cert. denied, 507 U.S. 910, 113 S. Ct. 1255, 122 L. Ed. 2d 654 (1993); Cockrum, 917 F. Supp. at 482 (citing Soto, 162 F.R.D. at 616); Ragge v. MCA/Universal, 165 F.R.D. 601, 604-05 (C.D. Cal. 1995) (requiring a balance of a party's right to privacy against the importance of the information to the case).  Where a seeking party's need is great, the right to privacy can be overcome.  Soto, 162 F.R.D.

---

[1] Of course, the parties are free to make an agreement among themselves regarding the disclosure of documents to each other.  However, when the parties seek the Court's resolution of the dispute, in the form of a court order, the Court must follow the applicable law.

7

at 617; Ceramic Corp. of America v. Inka Maritime Corp. Inc., 163 F.R.D. 584, 589 (C.D. Cal. 1995); Ragge, 165 F.R.D. at 605.

Here, the parties have not provided sufficient information for this Court to engage in the balancing process. Accordingly, the Court declines to adopt the Stipulation for In Camera Review and Proposed Order at this time.

DATED: December 9, 2009.

/S/
_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE